UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:16-CR-00148-TBR

FILED
VANESSA L. ARMSTRONG, CLERK

NOV 08 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES**

**v.**

**ELIAS ESTEPHANE**

**JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 3

## Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

# INSTRUCTION NO. 4

## Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# INSTRUCTION NO. 6

## Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

# INSTRUCTION NO. 7

## Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 8

### Impeachment of a Witness Other Than Defendant by Prior Conviction

You have heard the testimony of "Frank," "Jerry," Howard Chisem, Asha Bailey, and Shajuan McDonald. You have also heard that before this trial, these individuals were convicted of a crime or crimes.

These earlier convictions were brought to your attention only as one way of helping you decide how believable each witness's testimony was. Do not use it for any other purpose. It is not evidence of anything else.

# INSTRUCTION NO. 9

## Testimony of a Paid Informant

You have heard the testimony of "Frank" and "Jerry." You have also heard that they received money from the government in exchange for providing information.

The use of paid informants is common and permissible. But you should consider Frank and Jerry's testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by what the government gave them.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## INSTRUCTION NO. 10

### Testimony of a Witness under Grant of Immunity

You have heard the testimony of Anthony Estephane, Asha Bailey, Latiya Gist, Taquilla Parrow, Shajuan McDonald, and Maurica Marchman. You have also heard that the government has promised them that they will not be prosecuted for food stamp fraud in exchange for their cooperation.

It is permissible for the government to make such a promise. But you should consider their testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe the testimony beyond a reasonable doubt.

## INSTRUCTION NO. 11

### Impeachment of Witness

You have heard the testimony of Anthony Estephane. You have also heard that before this trial he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

## INSTRUCTION NO. 12

### Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The parties for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 13

### Dates in the Indictment

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crimes happened "on or about" or "in or around" certain dates or time periods. The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

## INSTRUCTION NO. 14

### Introduction of the Elements

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

I also want to make a note that the defendant has been charged with three crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charges.

## INSTRUCTION NO. 15

### Count One: Elements

**Count One** of the indictment charges the defendant with violating 7 U.S.C. § 2024(b) in or about and between January 2012 and July 2016. This law makes it a crime to knowingly use, transfer, acquire, or possess United States Department of Agriculture food stamp coupons, authorization cards, or access devices in any manner contrary to the laws and/or Department of Agriculture regulations governing the food stamp program, where the coupons, cards, or devices have a value of $100 or more.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. First, that the defendant knowingly used, transferred, acquired, or possessed Supplemental Nutrition Assistance Program benefits in a manner contrary to the law or Department of Agriculture regulations;

2. Second, that the defendant knew he was acting in a manner contrary to the law or to the Department of Agriculture regulations; and

3. Third, that the benefits in question possessed a value of $100 or more.

It is contrary to the law and to the Department of Agriculture regulations for anyone to sell or purchase Supplemental Nutrition Assistance Program benefits. The government need not show that the defendant knew of specific laws or regulations prohibiting his conduct; it is sufficient if the government shows by reference to facts and circumstances surrounding the case that the defendant knew his conduct was unauthorized or illegal. Finally, in determining the value of the Supplemental Nutrition Assistance Program benefits, you should rely on their face value.

4. The term "Knowingly" – An act is done knowingly if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

If you are convinced that the government has proved all of the elements of Count One, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 16

### Counts Two & Three: Elements

**Counts Two and Three** of the indictment charge the defendant with wire fraud, in violation of 18 U.S.C. § 1343. For you to find the defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. First, that in or about and between January 2012 and July 2016, the defendant knowingly devised, and intended to devise a scheme to defraud in order to obtain money or property, that is, unlawfully defraud the Supplemental Nutrition Assistance Program, also known as the food stamp program, by providing cash in exchange for Supplemental Nutrition Assistance Program benefits, in violation of program rules and regulations which only permit benefits to be used for the purchase of eligible food items;

2. Second, that the scheme included a material misrepresentation or concealment of a material fact;

3. Third, that the defendant had the intent to defraud; and

4. Fourth, that the defendant used wire communications in interstate commerce in furtherance of the scheme.

Now I will give you more detailed instructions on some of these terms:

1. A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

2. The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either

18

known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

3. An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

4. A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

5. To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

6. To "cause" wire communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

7. The term "interstate commerce" includes wire communications which crossed a state line.

It is not necessary that the government prove all of the detailed alleged concerning the precise nature and purpose of the scheme or that the material transmitted by wire communications was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the wire communications was intended as the specific or exclusive means of accomplishing the alleged fraud, or that someone relied on the misrepresentation or false statement, or that the defendant obtained money or property for his own benefit.

Remember that while Counts Two and Three have the same elements, they concern different dates. You the jury must therefore consider Counts Two and Three separately.

Count Two charges that, on or about September 1, 2015, the defendant knowingly charged $200 to a Supplemental Nutrition Assistance Program benefits card, bearing number xxxxxxxxxxxxx7024, which caused a wire communication from Louisville, Kentucky, to outside Kentucky.

If you are convinced that the government has proved all of the elements of Count Two, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of the charge in Count Two.

Count Three charges that, on or about September 10, 2015, the defendant knowingly charged $100 to a Supplemental Nutrition Assistance Program benefits card, bearing number xxxxxxxxxxxxx7024, which caused a wire communication from Louisville, Kentucky to outside Kentucky.

If you are convinced that the government has proved all of the elements of Count Three, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of the charge in Count Three.

## INSTRUCTION NO. 17

### Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 18

## GOOD FAITH DEFENSE

1. The good faith of the defendant is a complete defense to all three counts in the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

2. A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

3. A defendant does not act in good faith if, even though he honestly holds a certain belief or opinion, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

4. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

5. The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

6. If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

# INSTRUCTION NO. 19

## Deliberations and Verdict

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages: do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 20

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

# INSTRUCTION NO. 21

## Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 22

### Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 23

### Verdict

I have prepared a verdict form that you should use to record your verdict. That form is located on the last page of these instructions.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

# INSTRUCTION NO. 24

## Verdict Limited to Charges against This Defendant

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

## INSTRUCTION NO. 25

### Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## INSTRUCTION NO. 26

### Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:16-CR-00148

UNITED STATES OF AMERICA,                                    PLAINTIFF

v.

ELIAS ESTEPHANE,                                             DEFENDANT

### Jury Verdict Form

On Count One of the indictment, the violation of 7 U.S.C. § 2024(b), unauthorized use,

transfer, acquisition, or possession of food stamps, as described in these instructions,

We, the jury, find the Defendant, Elias Estephane:


_____      GUILTY

_____      NOT GUILTY

_____          _____
Foreperson                                        Date


On Count Two of the indictment, the violation of 18 U.S.C. § 1343, wire fraud, as

described in these instructions,

We, the jury, find the Defendant, Elias Estephane:


_____      GUILTY

_____      NOT GUILTY

_____          _____
Foreperson                                        Date

On Count Three of the indictment, the violation of 18 U.S.C. § 1343, wire fraud, as described in these instructions,

We, the jury, find the Defendant, Elias Estephane:

_____ GUILTY

_____ NOT GUILTY

_____      _____
Foreperson                                             Date