UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                PLAINTIFF

vs.                                                              CRIMINAL ACTION NO. 3:16CR-148-TBR

ELIAS ESTEPHANE                                                                        DEFENDANT

## MOTION TO DISMISS WIRE FRAUD COUNTS

*ELECTRONICALLY FILED*

Comes the United States of America, by counsel, and respectfully seeks leave under Federal Rule of Criminal Procedure 48(a) to dismiss Counts 2 and 3 of the Indictment without prejudice. As explained below, the United States seeks dismissal for the purpose of saving the Court and the United States the time and expense of a second trial. Accordingly, dismissal without prejudice is appropriate.

## BACKGROUND

On November 16, 2016, a federal grand jury returned a three-count Indictment against the Defendant, charging him with one count of food stamp fraud, in violation of 7 U.S.C. § 2024(b), and two counts of wire fraud, in violation of 18 U.S.C. § 1343.

A jury trial in the matter began on November 6, 2017. After the conclusion of the evidence and jury instructions, the jury was released to deliberate late in the day on November 8, 2017. Shortly thereafter, one of the jurors requested, and was granted, an adjournment due to a personal appointment. On November 9, 2017, the jury returned and deliberated for slightly less than three hours. At that time, the jury notified the Court they had reached a verdict on one count, but were deadlocked on the other two counts. Over the United States' objection, the

Court declined to instruct the jury to deliberate further.  The jury returned a verdict of guilty on the charge of food stamp fraud (Count 1).  The Court entered the verdict with respect to Count 1 and declared a mistrial as to the wire fraud counts (Counts 2 and 3), on which the jury was deadlocked.

The United States now seeks to dismiss Counts 2 and 3 before the commencement of a trial on those counts.

## ARGUMENT

Rule 48(a) of the Federal Rules of Criminal Procedure provides that the United States "may, with leave of court, dismiss an indictment."  Rule 48(a) further states that the United States "may not dismiss the prosecution during trial without the defendant's consent."  The government's power to dismiss under Rule 48(a) extends to a single count in an indictment.  *See In re United States*, 345 F.3d 450, 452 (7th Cir. 2003); *United States v. Delagarza*, 650 F.2d 1166, 1167 (10th Cir.1981); 3B Charles Alan Wright, *Federal Practice and Procedure* § 811 (3d ed. 2004).

"Customarily, Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations."  *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994); *see also United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974) (collecting cases and holding Rule 48(a) dismissal "is without prejudice to the government's right to reindict for the same offense, unless contrary is expressly stated").  Further, consent to dismissal by the defendant is not required when the motion is made before trial even when the case has already been tried and a new trial has been ordered.  *See United States v. Friedman*, 107 F.R.D. 736, 739-741 (N.D. Ohio 1985) (no consent required for Rule 48(a) dismissal after defendant obtained post-conviction relief under 28 U.S.C. § 2255).

Here, the United States seeks dismissal of Counts 2 and 3 in order to conserve the time and resources that would be expended in a second jury trial. A jury has already returned a guilty verdict on Count 1; from the United States' standpoint, the incremental value of now pursuing a conviction on Counts 2 and 3 is outweighed by the potential cost of time and money to both the United States and the Court. This is especially true when considering that proving Counts 2 and 3 would require the government to re-present much of the evidence it introduced in the first trial.

That said, the United States has a right to seek a Superseding Indictment following a mistrial caused by a hung jury. *United States v. Flores-Perez*, 646 F.3d 667, 669 (9th Cir. 2011) (*citing Richardson v. United States*, 468 U.S. 317, 326 (1984)) (holding that double jeopardy clause is not implicated when the government supersedes an indictment following a mistrial due to a hung jury). Thus, while the United States does not intend to proceed with a second trial on Counts 2 and 3 at this time, it nonetheless expressly reserves its right to seek a Superseding Indictment if this Court (or, the Sixth Circuit) reverses or vacates the conviction as to Count 1 and orders a new trial. In that unlikely event, the United States will seek to retry Counts 2 and 3 together with Count 1 in the wake of any post-conviction ruling by this Court or the Court of Appeals.

## CONCLUSION

WHEREFORE, the United States respectfully requests that Counts 2 and 3 of the indictment filed on November 16, 2016, be dismissed without prejudice.

                                  Respectfully submitted,

                                  RUSSELL M. COLEMAN
                                  United States Attorney

                                  *s/ Amanda E. Gregory*
                                  Amanda E. Gregory
                                  Assistant U.S. Attorney
                                  717 West Broadway
                                  Louisville, Kentucky  40202
                                  PH:  (502) 502-582-5016
                                  FAX: (502) 502-582-5067
                                  Email: amanda.gregory@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: David Lambertus, counsel for the defendant.