UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*Electronically filed*

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | NO. 3:16CR-00148-TBR |
| ELIAS ESTEPHANE | DEFENDANT |

DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Mr. Elias Estephane, through counsel, respectfully submits this Sentencing Memorandum to aid the Court in fashioning an appropriate sentence.

**I.      Introduction.**

Mr. Estephane was tried by a jury on a three-count indictment in this Court on November 6, 2017. The jury convicted Mr. Estephane on one count of the Indictment, and the jury was unable to reach a verdict on the other two counts.  As the Court is well aware, 18 U.S.C. § 3553(a) directs the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in § 3553(a)(2). There is no agreement between the parties in this case. The Guidelines sentence in this case is largely driven by the loss amount involved in the crime of conviction. As has been argued in the PSR objections, the United States sees this loss amount as much higher than does Mr. Estephane. The government has requested a sentence of 52 months, whereas Mr. Estephane requests that the Court place him on probation with a period of home confinement. Mr. Estephane's arguments in support of this request are two-fold: 1) the guidelines calculation contained in the Presentence Investigation Report is in error in that the loss amount is highly speculative and greatly exaggerates any actual or intended loss; and, 2) a downward variance based on the previous argument. Because the Court must ultimately make the sentencing decision, Mr. Estephane submits this memorandum to

provide relevant information for the Court's consideration in determining a reasonable sentence to impose in his case. For the reasons explained below, Mr. Estephane respectfully requests that the Court sentence him to a period of probation including a period of home confinement.

Mr. Estephane bases his request for a variance, in line with the 18 USC § 3553(a) factors, on several things:

- The loss amount has been greatly exaggerated by the United States;
- All of Mr. Estephane's witnesses and all the lay witnesses at trial testified and agreed that Mr. Estephane was kind and generous to all customers and members of the community;
- Mr. Estephane was not enriched by the conduct that led to his conviction. Mr. Estephane declared bankruptcy during the indictment period. As shown on the PSR, Mr. Estephane has no wealth of any kind anywhere. There was no testimony that Mr. Estephane spent lavishly or squandered money;
- Mr. Estephane will be adequately punished without being sent to prison. Mr. Estephane is now a convicted felon, which has numerous collateral consequences. Mr. Estephane has been disqualified from any further participation in government programs. Probation and home confinement do provide a substantial penalty.
- Given that Mr. Estephane was not enriched by the conduct, the consequences of being a convicted felon and being disqualified from government programs is a sufficient deterrent;
- Mr. Estephane cannot commit such further crimes against the public as he has been disqualified from participation in government programs;
- Mr. Estephane needs to be able to seek gainful employment as a butcher in a grocery store in order to make his restitution payments. Placing Mr. Estephane in prison at

taxpayers expense would cause further financial damage to the community, whereas allowing Mr. Estephane to be gainfully employed in the community will allow him to make payments toward the restitution owed in this case.

- As discussed during PSR objections, Mr. Estephane's criminal history category is overstated in this case. The citation for the violation that raised Mr. Estephane to Criminal History Category II shows that Mr. Estephane was found to have alcoholic beverages in a refrigerator in a side room of his premises. The citation does not allege any sale of alcohol nor any evidence that Mr. Estephane was *selling* alcohol. The issue was decided without a trial and Mr. Estephane was made to pay $185. The addition of this point raises Mr. Estephane from a Criminal History Category I to Category II. Mr. Estephane believes the impact of this point is greater than the harm it represented and requests that the prior sentence not be counted in this case.

The sentence requested by Mr. Estephane will accomplish the goals of sentencing in § 3553(a)(2), while a higher sentence would be greater than necessary to do so.

## II. **The sentence requested by Mr. Estephane will accomplish the goals of sentencing in § 3553(a)(2), while a higher sentence would be greater than necessary to do so.**

The Court must consider the need for the sentence imposed to accomplish the goals of sentencing listed in § 3553(a)(2). Respectfully, Mr. Estephane believes that a sentence of home confinement with probation would be sufficient, but not greater than necessary to accomplish those goals.

### A. The sentence should reflect the seriousness of the offense, promote respect for the law, and provide just punishment - § 3553(a)(2)(A).

Mr. Estephane understands the seriousness of his offense. With this conviction, Mr. Estephane, who has no other felonies on his record, has lost his civil rights. Mr. Estephane also has suffered the shame and embarrassment connected with becoming a convicted felon. This is felt with his family who places a high value on professionalism and maintaining high ethical and moral standards.

It is respectfully submitted that a sentence of home confinement and probation, in addition to the penalties that have already occurred and whatever monetary penalties the Court determines, is more than adequate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. A sentence of probation and home confinement is not insignificant.

**B. The need for the sentence imposed to afford adequate deterrence to criminal conduct - § 3553(a)(2)(B).**

The Court should also consider the need for adequate deterrence. Regarding any further criminal activity on the part of Mr. Estephane, the criminal conduct by Mr. Estephane involved misuse of his SNAP license. He has surrendered that license and is prohibited from any future participation in government programs.

In terms of deterrence of others, the investigation, conviction, expense of trial, expense of forfeiture, restitution, and fines, the loss of government program privileges, and all other consequences suffered by Mr. Estepahne as a result of this action will act as a deterrent message to others licensed to participate in SNAP programs. Serving time in prison will not significantly increase the deterrence effect.

**C. The need for the sentence imposed to protect the public from further crimes of defendant - § 3553(a)(2)(C).**

4

As noted above, Mr. Estephane cannot commit any further crimes such as the crime of conviction as he has lost the privilege of participating in such government programs. Imprisonment is wholly unnecessary to protect the public from Mr. Estephane and therefore will not serve to advance that goal.

> D. **Provide needed educational or vocational training, medical care, or other correctional treatment in the most effective manner - § 3553(a)(2)(D).**

A prison sentence also would not further this goal. Mr. Estephane is 56 years old. He is not in need of any educational or vocational training or any other correctional treatment. He is well educated. He is not and never has been an addict or an abuser of any substances. A term in prison would not add anything to further this goal.

For all these reasons, a sentence of home confinement and probation will accomplish all the goals of § 3553(a), while a higher sentence would not accomplish those goals any better, and would in fact be greater than necessary to do so.

## IV.    Other factors the Court should consider

Regarding the remaining § 3553 factors, Mr. Estephane submits that the requested sentence is statutorily available, and that the Guidelines calculation is inappropriate for the reasons argued above. In this case, the jury did not find a loss amount. In this case, the Guidelines should be viewed as entirely advisory. As the Court is well aware, the Guidelines are no longer mandatory; the Court should "consider the applicable Guidelines sentencing range…but only as one factor of several laid out in § 3553(a)." *United States v. Jenkins*, 122 F.Supp.3d 639, 645 (EDKY 2013)(quoting *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005)). The requested sentence is below the Guidelines range calculated in the PSR, but, as explained above, the loss amount calculated by the PSR is not adequately supported, and therefore the base offense level is substantially too high.

**Conclusion**

Mr. Estephane understands that his conduct was wrong and he is remorseful for it. This sentencing memorandum is not intended to deny his guilt or minimize the fact that he has committed a federal crime. Rather, it is intended to provide the Court with an explanation as to why the Guidelines calculation does not accurately take into account the nature and circumstances of this case, nor does it reflect the particular background and characteristics of this defendant, nor would it accomplish the goals of federal sentencing. The Court must impose a sentence that is "sufficient, but not greater than necessary to fulfill the purposes of sentencing" identified in 18 USC § 3553(a). *United States v. Lanning*, 633 F.3d 469, 474 (6th Cir. 2011). Because imposing a sentence within the Guidelines range calculated by the PSR would be much greater than necessary to accomplish those goals, Mr. Estephane respectfully requests this Court to instead sentence him to probation and a period of home confinement.

Respectfully submitted,

/s/ David A. Lambertus
David A. Lambertus
600 West Main Street, Suite 300
Louisville, Kentucky 40202
(502) 589-6190
Counsel for Defendant Estephane

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will automatically send a notice of electronic filing to all attorneys of record.

/s/ David A. Lambertus
David A. Lambertus