UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:16-CR-00148-TBR
CIVIL ACTION NO. 3:19-CV-00042-TBR
*Electronically filed*

ELIAS ESTEPHANE                                        PETITIONER

VS.        **REPLY TO UNITED STATES OF AMERICA'S RESPONSE TO ESTEPHANE'S 28 U.S.C. § 2255 MOTION**

UNITED STATES OF AMERICA                                RESPONDENT

\* \* \* \* \*

Comes the Petitioner, Elias Estephane, by counsel, and for his Reply to the United States of America's Response to Estephane's 28 U.S.C. § 2255 Motion, states as follows:

**I.    THIS COURT HAS JURISDICTION TO RULE ON MR. ESTEPHANE'S PETITION.**

The United States makes much of the fact that this Circuit is somewhat of an outlier in that

*United States,* 268 F.3d 346 (6th Cir. 2001); *Ratliff v. United States,* 999 F.2d 1023 (6th Cir. 1993).

> To be sure, the Sixth Circuit's treatment of § 2255 challenges of non-custodial portions of sentences is uncertain. *See Kaminski v. United States*, 339 F.3d 84, 88 n.2 (2d Cir. 2003); *United States v. Fabian,* 798 F. Supp. 2d 647, 684 n.15 (D. Md. 2011). In [*Ratliff*] …the Sixth Circuit permitted, without discussion, § 2255 challenges to a fine and restitution order. In *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995), the Sixth Circuit denied such a challenge, based on the logic of sister circuits. Thereafter, in [*Weinberger*], the Sixth Circuit permitted (with only a brief discussion, citing *Ratliff* and distinguishing *Watroba*) a restitution-order challenge under § 2255 that was included with a custody challenge.

*United States v. Blankenship,* Criminal Action No. 7: 15-011-DCR-1, Civil Action No. 7: 17-096-

DCR (E.D. Ky. 2017), at 6 (denying relief under §2255 on a previously agreed forfeiture).

**1**

Nonetheless, this remains the law of this Circuit. *See, e.g., Mary Ann Smith v. United States,* No. 2:13-cv-02016-JPM-tmp, W.D. Tenn (Western Div.), at 19-20 (attached).

Petitioner is not aware of any cases apart from this one seeking to challenge this part of the holding in *Weinberger* at the appellate level at this time. Petitioner acknowledges a continuing duty to supplement his pleadings pursuant to the Federal Rules of Civil Procedure and applicable standards of professional conduct.

Moreover, the holding in the unpublished case of *In re Davis,* 18-3342 (6th Cir. July 18, 2018) (attached), is easily distinguishable. Petitioner filed a second or subsequent petition under §2255, after she had been released from prison and had completed her supervised release, challenging the restitution only. The Sixth Circuit properly found pursuant to *Watroba* that since she was no longer in custody or on supervised release, "[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes." *Davis* at 1, *quoting Watroba*, 56 F.3d 28, 29 (6th Cir. 1995), and *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994).

Here, of course, the stakes are much higher. Mr. Estephane is still in custody and has an extended period of supervised release which would certainly be jeopardized were he not to pay restitution in a timely fashion. This Court has subject-matter jurisdiction to hear this claim.

    **I.**    **MR. ESTEPHANE'S COUNSEL WAS INEFFECTIVE.**

### Introduction

In order to qualify for relief under 28 U.S.C. § 2255, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (*citing Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief under §2255 for a facially nonconstitutional error, a defendant must establish either a fundamental defect in the criminal

proceedings which inherently resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process. *See Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *abrogated on other grounds as recognized by Kumar v. United States*, 163 F. App'x 361 (6th Cir. 2006); *see also Hicks v. United States*, 122 F. App'x 253, 256 (6th Cir. 2005); *McNeal v. United States*, 17 F. App'x 258, 260-61 (6th Cir. 2001).

Therefore, a defendant must allege in his § 2255 motion that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (*citing Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). A defendant must prove his allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

Of all the rights an accused person has, the right to be represented by counsel is by far the most precious. Not only does it affect his ability to assert any other right he may have, but it is the means by which the other rights are secured. *United States v. Cronic*, 104 S. Ct. 2039 (1984). "The core purpose of the counsel guarantee was to assure 'assistance' at trial when the accused was confronted with both the intricacies of the law and the advocacy of the prosecutor." *United States v. Ash*, 413 U.S. 300, 309, 93 S. Ct. 2568, 2573, 37 L.Ed.2d 619 (1973). Thus, in *McMann v. Richardson,* the Court indicated that the accused is entitled to "a reasonably competent attorney," 397 U.S. at 770, 90 S. Ct. at 1448, whose advice is "within the range of competence demanded of attorneys in criminal cases." *Id* . at 771, 90 S. Ct. at 1449.  In *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. at 1716, and *Engle v. Isaac*, 456 U.S. 107, 102 S. Ct. 1158, 71 L. Ed 2d 783 (1982), the Court referred to the criminal defendant's constitutional guarantee of "a fair trial and a competent attorney." *Id*. at 134, 102 S. Ct. at 1575.

In *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984), the Court set guidelines for lower courts to follow in determining ineffective assistance claims. First, the defendant must show that counsel's performance was deficient; this requires a showing that counsel made errors so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

Petitioner Elias Estephane avers that there is a "reasonable probability that for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. at 694 (1984).

### A. Trial counsel failed to research or argue restitution adequately at sentencing.

18 U.S.C. §3663 grants the Court discretion with regard to restitution. *See also United States v. Reaume*, 338 F.3d 577, 585 (6th Cir. 2003).

18 U.S.C. §3663(a)(1)(B)(i) states that the court shall consider

> (I) the amount of the loss sustained by each victim as a result of the offense; and
> (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

Other factors are relevant, including defendant's intelligence, academic background, and likely ability to obtain a job. *United States v. Faasse,* 265 F.3d 475, 494 (6th Cir., 2001) (interstate child support enforcement); *United States v. Bondurant*, 39 F.3d 665, 668 (6th Cir. 1994).

There are surprisingly few precedential cases in this Circuit with regard to the calculation of loss in merchant food-stamp fraud cases. Moreover, there appear to be none where the only issue is restitution, due to the downward departure from the Sentencing Guidelines in this case.

> "When determining the amount of loss for sentencing purposes," [this Court] has instructed district courts to estimate economic loss as "the actual or intended loss to a victim, whichever is greater, or a combination thereof." *United States v. Mahbub*, 818 F.3d 213, 231 (6th Cir. 2016) (internal quotation marks and citations omitted).

**4**

> Courts do not have to be precise. *See United States v. Sayed*, No. 13-CR-20496, 2014 WL 7157104, at *1 (E.D. Mich. Dec. 14, 2014) (*citing United States v. Triana* , 468 F.3d 308, 320 (6th Cir. 2006)). Instead, only reasonableness is necessary. U.S.S.G. § 2B1.1, cmt. app. note 3(C); *see also United States v. Wendlandt*, 714 F.3d 388, 393 (6th Cir. 2013) (concluding that "[b]ecause of the difficulties often associated with attempting to calculate loss in a fraud case, the district court 'need only make a reasonable estimate' of the loss using a preponderance of the evidence standard." (quoting *United States v. Jones*, 641 F.3d 706, 712 (6th Cir. 2011) (*citing United States v. Howley*, 707 F.3d 575, 583 (6th Cir. 2013) ) ).

*United States v. Muaalla,* 316 F. Supp. 3d 1015, 1018 (E.D. Mich. 2018).

Similarly, "the requirement of proving facts beyond a reasonable doubt does not apply to restitution, both because restitution has no statutory maximum and because the Mandatory Victim Restitution Act mandates that judges determine the amount." *United States v. Jarjis,* 551 Fed. Appx. 261, 262 (6th Cir. 2014) (food stamp fraud case), *citing United States v. Sosebee*, 419 F.3d 451, 461-62 (6th Cir. 2005).

Nonetheless, despite the government's claim that it was strategically "reasonable" for counsel to concentrate on the length of sentence, counsel had a duty to address the amount of restitution. It verges on the specious for the government to claim that "[i]t was not necessary for counsel to argue that restitution was discretionary, because all parties knew that." Response at 9, PageID# 463. More importantly, arguing in favor of a lower amount of restitution, particularly based on the facts adduced (or, in this case, not adduced) by the United States, was part of counsel's duty.

Here, counsel only argued in his Sentencing Memorandum as follows, in support of his request for a sentence that was not driven by the United States' estimated loss of approximately $700,000:

- The loss amount ha[d] been greatly exaggerated by the United States;

- All of Mr. Estephane's witnesses and all the lay witnesses at trial testified and agreed that Mr. Estephane was kind and generous to all customers and members of the community;
- Mr. Estephane was not enriched by the conduct that led to his conviction. Mr. Estephane declared bankruptcy during the indictment period. As shown on the PSR, Mr. Estephane has no wealth of any kind anywhere. There was no testimony that Mr. Estephane spent lavishly or squandered money…

Sentencing Memorandum at 2 (DN 64, PageID #314).

The court mitigated the effect of its own finding of loss for purposes of Mr. Estephane's actual time to serve by sentencing Mr. Estephane to 33 months, at the low end of the Guidelines range, due to his history and characteristics. However, even given that generosity, the process the trial court engaged in in arriving at the restitution figure was based on the court's choosing values by which to discount loss figures which were themselves based on estimates as to how many transactions were fraudulent, and whether any given transaction is fraudulent based on characteristics such as dollar amounts (even though transactions both large and small are alleged to have been fraudulent).

While the trial Court made a valiant effort to impose order on the findings with regard to loss, the real problem is that the figures the United States was able to provide are still themselves estimations, and the end result is a classic case of "garbage in, garbage out" – suspect data leading to a conclusion that is unwarranted because its underlying assumptions are unsupported.

Mr. Estephane submits that if his counsel had properly attacked the loss figures at trial and sentencing, his Guidelines sentence would of course had been lower. Moreover, his restitution figure should have been set at a level representing a proven quantifiable loss.

Trial counsel described the loss claimed by the United States as "inflated" and "speculative," but never presented an alternate loss calculation for the Court to evaluate. *See, e.g.,*

Letter, Attachment to Final Presentence Investigative Report, DN 62-1 (filed under seal) at 5, PageID #295. In his Objections to the Presentence Investigation Report, counsel merely stated that

> Mr. Estephane's tax returns for the years 2012 – 2016 show that the "cost of goods sold" during that time period was $1,970,480. The SNAP transactions during that time were $2,182,547.85. Subtracting the cost of the goods from the transaction amounts leaves $212,067.85. A sizable portion of that amount is Mr. Estephane's legitimate profit over those five years, and a small remainder would be the fraud loss amount.

*Id.* at 6, PageID #296. However, counsel did not attempt to calculate or estimate what Mr. Estephane's "legitimate profit" was. This resulted in his being sentenced (albeit at the low end of the Guidelines) for a claimed loss of $700,000. Moreover, it made him liable for the same amount of restitution, further jeopardizing his freedom during his upcoming years of supervised release.

### Request for Evidentiary Hearing

> If a habeas petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir.2013) (internal quotation marks omitted). The evidentiary hearing is mandatory unless "the record conclusively shows that the petitioner is entitled to no relief."

*Pola v. United States*, 778 F.3d 525, 532-533 (6th Cir., 2015), *quoting Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999).

Petitioner, Elias Estephane, has clearly shown that trial counsel failed to provide an alternate calculation of loss or otherwise substantively challenge the restitution claim in this case. As such, he asks that this Court set this case for an evidentiary hearing on the issue of whether trial counsel's failure to address the issue was ineffective assistance of counsel.

WHEREFORE, Petitioner, Elias Estephane, respectfully renews his Motion for relief from his sentence of restitution, and for an evidentiary hearing, pursuant to 28 U.S.C. §2255.

Respectfully submitted,

/s/ J. Clark Baird
J. CLARK BAIRD
Attorney at Law
969 Barret Ave
Louisville Ky 40204
(502) 583-3388
jclarkbaird@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed on this 29th day of August, 2019, with the clerk of the Court by using the CM/ECF system, which will automatically send a notice of electronic filing to all attorneys of record.

/s/ J. Clark Baird
J. CLARK BAIRD

8