UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00042-TBR
CRIMINAL ACTION NO. 3:16-CR-00148-TBR-HBB

ELIAS ESTEPHANE             MOVANT/DEFENDANT

VS.

UNITED STATES OF AMERICA         RESPONDENT/PLAINTIFF

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

**BACKGROUND**

The Movant/Defendant Elias Estephane, through counsel, has filed a motion to vacate, set aside or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255 (DN 76).[1] The Respondent/Plaintiff, United States of America, has filed a memorandum in opposition (DN 85). Estephane has filed a reply memorandum (DN 91). After reviewing the memoranda submitted by the parties and the record, the undersigned concludes an evidentiary hearing is not necessary to address the issues raised in Estephane's motion to vacate. For the reasons set forth below, the undersigned recommends the motion to vacate be denied and dismissed.

---

[1] The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 77).

1

## **FINDINGS OF FACT**

The Grand Jury indicted Estephane on one count of Food Stamp Fraud, in violation of 7 U.S.C. § 2024(b), and two counts of Wire Fraud, in violation of 18 U.S.C. § 1343 (DN 1 PageID # 27-29). The charges stemmed from Estephane's operation of "The Meat Store," a meat and poultry store he owned in Louisville, Kentucky (Id.). The Meat Store participated in the Supplemental Nutrition Assistance Program (SNAP) or food stamp program (Id.). The purported violations occurred between January 2012 and July 2016 in Jefferson County, Kentucky (Id.).

The Court conducted a jury trial in November 2017 (DN 57). The jury reached a unanimous verdict of guilty as to the charge of food stamp fraud in Count 1 of the Indictment (Id.). The jury announced they were unable to reach a decision as to Counts 2 and 3 of the Indictment that charged Estephane with Wire Fraud (Id.).

On February 13, 2018, the Court conducted Estephane's sentencing hearing (DN 68 Transcript). The Court sentenced Estephane to serve a term of 33 months imprisonment to be followed by a three-year term of supervised release (DN 66 PageID # 322-23 Judgment; DN 68 PageID # 358-59 Transcript). Additionally, the Court ordered Estephane to pay restitution in the amount of $545,000 to the Food and Nutrition Service of the USDA (DN 66 PageID # 326 Judgment; DN 68 PageID # 359 Transcript). Estephane did not appeal his conviction or sentence.

On January 16, 2019, Estephane filed his motion to vacate (DN 76). He raises three related claims of ineffective assistance of trial counsel (IATC) arising out of counsel's purported failure to challenge the imposition of restitution in his sentence (Id. PageID # 429-32). The United States responds by arguing Estephane's IATC claims regarding restitution are not

2

cognizable under 28 U.S.C. § 2255, but even if they were Estephane fails to prove his counsel was ineffective (DN 85).

## CONCLUSIONS OF LAW

The United States argues that Estephane's IATC claims are not cognizable under 28 U.S.C. § 2255. Estephane has not replied to this jurisdictional argument.

The relevant portion of the statute reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The Sixth Circuit has concluded the "plain language" of the statute provides "only prisoners who claim the right to be released from custody an avenue to challenge their sentences." United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995); see Duggins v. United States, 240 F.2d 479, 483-84 (6th Cir. 1957) ("[T]he right to relief under Sec. 2255 is limited by the express terms of the statute to situations where the prisoner is attacking the judgment under which he is in custody and, if successful, would be entitled to be released."). The undersigned is not aware of any circuit that has considered the language of the statute and reached a contrary conclusion. See United States v. Ross, 801 F.3d 374, 379 (3d Cir. 2015); United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003); Kaminski v. United States, 339 F.3d 84, 86-87 (2d Cir.2003); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir.1999); Blaik v. United States, 161 F.3d

1341, 1342 (11th Cir.1998); Smullen v. United States, 94 F.3d 20, 25 (1st Cir.1996); United States v. Segler, 37 F.3d 1131, 1136-37 (5th Cir. 1994).

Here, there is no dispute that Estephane satisfies the "in custody" requirement in § 2255(a). Thus, the issue before the Court is whether Estephane's IATC claims are cognizable under § 2255 because they involve a challenge to the order of restitution which is a noncustodial portion of his sentence.

The undersigned has found only two Sixth Circuit cases expressly addressing the question of whether challenges to the noncustodial portion of a sentence are cognizable under § 2255. In Watroba the Sixth Circuit held the federal prisoner was precluded from challenging a fine[2] in his sentence because the "plain language of § 2255 provides only prisoners who claim the right to be released from custody an avenue to challenge their sentences . . . ."[3] 56 F.3d at 29. In United States v. Washington, the Sixth Circuit commented if the prisoner's post-conviction relief motion[4] is construed as brought under § 2255 it must fail because "[a] challenge to a restitution order is not cognizable in a motion to vacate under § 2255." No. 97-2160, 1998 WL 898878, at*2 (6th Cir. Dec. 17, 1998) (unpublished opinion). Six other circuits have considered the statute's clear terms

---

[2] Specifically, the district court's sentence included a fine of $50,000 plus the full costs of his imprisonment and supervised release. United States v. Watroba, 56 F.3d 28 (6th Cir. 1995). The federal prisoner challenged the requirement that he pay the costs of his imprisonment and supervised release. Id. at 28-29.

[3] Further, the Sixth Circuit embraced the conclusions of two sister circuits that a fine is not enough of a restraint on liberty to satisfy the "in custody" requirement in § 2255. Watroba, 56 F.3d at 29 (citing United States v. Segler, 37 F.3d 1131, 1137 (5th Cir.1994); United States v. Michaud, 901 F.2d 5, 7 (1st Cir.1990)).

[4] The federal prisoner cited 18 U.S.C. § 3582(b) in bringing his motion. United States v. Washington, No. 97-2160, 1998 WL 898878, at*2 (6th Cir. Dec. 17, 1998) (unpublished opinion). After discussing why the district court had no jurisdiction to modify its restitution order under § 3582(b), the Sixth Circuit explained why a challenge to a restitution order is not cognizable under 28 U.S.C. § 2255. Id.

and they have also held § 2255 cannot be utilized to challenge the restitution portion of a sentence because the statute affords relief only to federal prisoners who claim the right to be released from custody. *See* Bernard, 351 F.3d at 361; Kaminski, 339 F.3d at 87; Kramer, 195 F.3d at 1130; United States v. Hatten, 167 F.3d 884, 887 (5th Cir.1999); Blaik, 161 F.3d at 1342-43; Barnickel v. United States, 113 F.3d 704, 706 (7th Cir.1997); Smullen, 94 F.3d at 25-26.

Although the Sixth Circuit does not appear to have addressed the issue, at least five other circuits have determined that a federal prisoner cannot utilize § 2255 to challenge the imposition of restitution even when the motion includes a separate cognizable claim contesting the custodial portion of the sentence. *See* Mamone v. United States, 559 F.3d 1209, 1210-11 (11th Cir.2009); Kaminski, 339 F.3d at 88-89; United States v. Thiele, 314 F.3d 399, 401-02 (9th Cir.2002); Hatten, 167 F.3d at 887; Smullen, 94 F.3d at 25-26; *see also* Virsnieks v. Smith, 521 F.3d 707, 720–22 (7th Cir.2008) (agreeing with the above reasoning and applying it in the context of 28 U.S.C. § 2254). As the Second Circuit explained:

> Habeas lies to allow attacks on wrongful custodies. There is therefore no reason why the presence of a plausible claim against a custodial punishment should make a noncustodial punishment more amenable to collateral review than it otherwise might be. . . . Collateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens at the time to be subject also to custodial penalties. And, the mere fact that the sentencing court chose to impose incarceration on a defendant in addition to restitution does not, as to the restitution order, distinguish that defendant from someone who, having been convicted, received a punishment that did not include any custodial element.

Kaminski, 339 F.3d at 89.

At least six other circuits have concluded claims of ineffective assistance of counsel are not cognizable in a § 2255 motion when they involve challenges to the imposition of restitution, a fine, or a special assessment. See Ross, 801 F.3d at 379-83 (special assessment); Shephard v. United States, 735 F.3d 797, 798 (8th Cir. 2013) (restitution); Kaminski, 339 F.3d at 85 n. 1 (restitution); Thiele, 314 F.3d at 402 (restitution); Smullen, 94 F.3d at 26 (fine); United States v. Segler, 37 F.3d 1131, 1136-37 (5th Cir.1994) (fine). In Segler, the Fifth Circuit reasoned "[b]ecause Congress limited relief under § 2255 to persons in federal custody, we hold that Congress also meant to limit the types of claims cognizable under § 2255 to claims relating to unlawful custody." Segler, 37 F.3d at 1137. Following a discussion of the two-pronged test in Strickland v. Washington, 466 U.S. 668, 687 (1984), the Fifth Circuit explained its rationale as follows:

> We hold when a prisoner asserts an ineffective assistance of counsel claim under § 2255, he must satisfy *Strickland's* prejudice requirement by showing harm that relates to his custody. That is, if counsel's constitutionally insufficient assistance affected the trial court's guilt determination or the sentencer's imposition of a prison term, a prisoner's ineffective assistance of counsel claim falls within the scope of § 2255; if, as here, it relates only to the imposition of a fine, his claim falls outside § 2255.

Segler, 37 F.3d at 1137.

The Sixth Circuit's opinion in Ratliff v. United States, merits discussion at this point because of what it failed to expressly address. 999 F.2d 1023 (6th Cir. 1993). Following Ratliff's guilty plea pursuant to the terms of a plea agreement, the district court sentenced Ratliff to three (3) years imprisonment on each of the two counts in the information to run concurrently and fined him an additional $5,000.00 on each count. Id. at 1025. The district court also ordered

6

Ratliff to make restitution to the United States in the amount of $280,671.00,[5] which included the total loss to the government and an additional $50,000.00 for the cost of investigating Ratliff's fraudulent scheme. Id. Ratliff did not appeal his sentence. In his subsequently filed § 2255 motion, Ratliff moved the district court to vacate the order requiring the $50,000.00 additional restitution, reduce the fines imposed, and correct information in his Presentence Investigation Report regarding his financial status. Id. The district court adopted the magistrate judge's recommendation and denied Ratliff's motion. Id.

On appeal, the United States argued Ratliff was procedurally barred from challenging the order to pay $50,000.00 in additional restitution because he should have raised the issue on direct appeal. Id. The Sixth Circuit concluded that Ratliff overcame this procedural bar by establishing, through a claim of ineffective assistance of counsel, "cause" for his failure to appeal the restitution order[6] and "actual prejudice" arising from its enforcement.[7] Id. at 1025-27. The Sixth Circuit then addressed the merits of Ratliff's argument. Id. It agreed that the sentencing

---

[5] In the plea agreement Ratliff promised to make full restitution in an amount to be determined. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). In a later executed "Restitution Agreement" filed simultaneously with the plea agreement and information, Ratliff agreed to pay "restitution to the United States of America in the amount of $230,671.19, plus interest at the rate of ten (10%) to begin accumulating on the date that the sentence is imposed for the offense charged." Id.

[6] Specifically, the Sixth Circuit found Ratliff satisfied the performance and prejudice requirements to a claim of ineffective assistance of counsel because his attorney refused to comply with Ratliff's alleged request to appeal the erroneous restitution award that would have been subject to reversal on appeal. Id. at 1026 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

[7] The Sixth Circuit held a sufficient showing had been made because it was obvious that Ratliff will suffer actual prejudice if he is forced to pay an award of restitution that could not otherwise be upheld. Id.

court erred by awarding $50,000.00 as an additional amount of restitution under the Victim and Witness Protection Act of 1982 and reversed the award.  Id.

What is noteworthy about Ratliff is the Sixth Circuit, without explanation, skipped over the issue of jurisdiction under § 2255 and addressed the procedural challenge raised by the United States.  Perhaps this oversight was explained by the government's failure to argue Ratliff's challenge to the restitution order is not cognizable in a § 2255 motion.  Regardless, the Sixth Circuit could have *sua sponte* addressed this question but failed to do so.  Because of this complete disconnect, Ratliff should not be considered binding precedent on the issue before the Court.

The next case that warrants discussion is Weinberger v. United States, 268 F.3d 346, 350 (6th Cir. 2001).  It involves four sentencing issues that were not challenged at the time of sentencing and/or on direct appeal.  Id. at 350-52.  Specifically, he challenged: "(1) the calculation of his offense level for sentencing; (2) the restitution order to his fraud victims; (3) the restitution order to the IRS; and (4) and the method for scheduling his restitution payments."  Id. at 351-52.  In the opinion, there is a footnote at the end of the above quoted sentence, it reads:

> In a citation updating its brief, the government relies upon *United States v. Kramer*, 195 F.3d 1129 (9th Cir.1999), for the proposition that a petitioner cannot challenge a restitution order in a § 2255 petition because such a challenge does not claim a right to be released from custody.
>
> This circuit has not come to the same conclusion.  In *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir.1995), this court rejected a prisoner's challenge in a § 2255 motion to the imposition of the costs of his imprisonment and supervised release-not a restitution order-on the grounds that such a challenge does not meet the "in custody" requirement of § 2255.  Other circuits have relied upon *Watroba* in

> concluding that petitioners cannot challenge a restitution order in a § 2255 motion, because such an order is not a sufficient restraint on liberty to meet the "in custody" requirement. *See Kramer*, 195 F.3d at 1130; *Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir.1998); *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir.1996). We will follow this court's precedent in *Ratliff*, 999 F.2d at 1025-27, which *Watroba* did not purport to overrule, allowing a petitioner to contest a restitution order under § 2255 based on a meritorious ineffective assistance of counsel claim.

Weinberger, 268 F.3d at 351 n. 1. Disturbingly, this footnote attributes precedent to a case that is noteworthy because it ignored the question of whether Ratliff's challenge to the restitution order is cognizable in a § 2255 motion. See Ratliff, 999 F.2d 1025-27. Moreover, this footnote fails to appreciate the Sixth Circuit allowed Ratliff to contest the restitution order because he used a meritorious claim of ineffective assistance of counsel to establish "cause" to excuse his failure to appeal the restitution order and he demonstrated "actual prejudice" arising from its enforcement. Id. Simply put, the footnote in Weinberger conflates the procedural question addressed in Ratliff with a jurisdictional issue that should have been but was never expressly addressed in the opinion.[8]

Equally troubling, is the language used to articulate the purported Sixth Circuit precedent in Ratliff. Weinberger, 268 F.3d at 351 n. 1. It suggests that jurisdiction under § 2255 will be bestowed or granted when a challenge to a restitution order is based on a claim of ineffective assistance of counsel that has merit. See White v. United States, 69 F. App'x 222, 223-24 (6th Cir. 2003) (concluded trial counsel was not ineffective for failing to challenge the restitution order

---

[8] Unfortunately, some district courts have relied on this footnote in Weinberger to conclude a federal prisoner may contest a restitution order under § 2255 based on a meritorious claim of ineffective assistance of counsel. *See e.g.* United States v. Riddell, No. 07-98-JBC-1, 2012 WL 728337, at *2 (E.D. Ky. Jan. 24, 2012).

9

based on the prisoner's ability to pay). But this purported precedent would have courts turn a blind eye to the long-held view of the Sixth Circuit and the conclusions of a majority of other circuits that the right to relief under § 2255(a) is limited by the express terms of the statute to claims challenging the custodial portion of federal prisoner's sentence. *See* Duggins v. United States, 240 F.2d 479, 483-84 (6th Cir. 1957) and United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995); *see also* United States v. Ross, 801 F.3d 374, 379 (3d Cir. 2015); United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003); Kaminski v. United States, 339 F.3d 84, 86-87 (2d Cir.2003); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir.1999); Blaik v. United States, 161 F.3d 1341, 1342 (11th Cir.1998); Smullen v. United States, 94 F.3d 20, 25 (1st Cir.1996); United States v. Segler, 37 F.3d 1131, 1136-37 (5th Cir. 1994). In sum, the undersigned does not consider Weinberger or White binding precedent on the issue before the Court.

This inevitably prompts the question, how then does a federal prisoner collaterally attack a noncustodial punishment like restitution? At least three circuits have concluded such challenges can only be made through of a writ of error coram nobis. Kaminski, 339 F.3d at 91; Obado, 328 F.3d at 718; Barnickel, 113 F.3d at 706 (citing United States v. Mischler, 787 F.2d 240 (7th Cir. 1986)). This appears to be the soundest approach for dealing with such challenges. Of course, before proceeding to the merits of a challenge to restitution or another noncustodial portion of a sentence, the prisoner would need to make a showing of "cause" to excuse the failure to raise the claim at sentencing and/or on direct appeal and "actual prejudice" resulting from enforcement of the restitution order. *See* United States v. Frady, 456 U.S. 152, 167-168 (1982).

Estephane does not challenge his conviction or the 33-month term of incarceration in his sentence. Instead, his three claims of ineffective assistance of trial counsel challenge the $545,000.00 order of restitution in his sentence. Without clear guidance from the Sixth Circuit, the undersigned recommends the Court follow the vast weight of authority and conclude that Estephane's three claims of ineffective assistance of trial counsel are not cognizable in a § 2255 motion because they challenge the imposition of restitution, not custody.

The undersigned acknowledges that jurists of reason may take issue with the above conclusion and recommendation. See Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). For this reason, the undersigned recommends issuance of a Certificate of Appealability on the question of whether Estephane's three claims of ineffective assistance of counsel are cognizable under § 2255.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Estephane's motion to vacate (DN 76) be **DENIED** because his three claims of ineffective assistance of counsel are not cognizable in a 28 U.S.C. § 2255 motion. Further, the undersigned recommends that a Certificate of Appealability be **GRANTED** on the question of whether Estephane's three claims of ineffective assistance of counsel are cognizable under § 2255.

September 17, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

**NOTICE**

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

September 17, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies: Counsel of Record